# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **JIMMY LLOYD McCURRY,** | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9706-CC-00201** |
| vs. | ) | **LAKE COUNTY** |
| **STATE OF TENNESSEE,** | ) | **No. 97-7624** |
| Respondent. | ) | |

**FILED**

**August 21, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**O R D E R**

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court in this case by order rather than formal opinion. The above-captioned case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. The record was filed on June 3, 1997, and the petitioner filed his brief on June 18, 1997.

The indictment contained in the record before the Court reflects that the petitioner was originally charged with one count of felony murder in the perpetration of a robbery and one count of robbery. The record also contains a judgment sheet which indicates that the petitioner was convicted of first degree murder and sentenced to life imprisonment. Before a verdict was rendered in the case, however, the trial court granted the state's motion for a nolle prosequi on the felony murder count of the indictment. As the trial court noted at the hearing on the petitioner's petition for post-conviction relief in 1987, the case was then submitted to the jury on the charge of premeditated first degree murder and the lesser included grades of homicide.

Although the indictment charging the petitioner with premeditated first degree murder is not included in the record, the record clearly reflects that the petitioner was convicted of first degree murder. The petitioner even acknowledges this fact in his

petition for a writ of habeas corpus: "Petitioner and co-defendant . . . were indicted by a Cocke County Grand Jury AT Newport, Tennessee of First Degree Murder/Robbery on Case Number 4219. . . . Petitioner was found guilty of First Degree Murder by jury trial on February 1, 1985 in Case Number 4219."

The petitioner bases his present challenge to the judgment on an order entered by the trial court amending an alleged clerical error in the minutes. However, as the trial court noted in the hearing on the petition for post-conviction relief, the minutes correctly state that the felony murder charge was dismissed pursuant to the state's motion to nolle prosequi, and that the case was properly submitted to the jury on the charge of premeditated first degree murder. The court found there was no reason to amend the minutes and suggested that the order amending the minutes was mistakenly entered.

The petitioner in the present case has not shown upon the face of the judgment or the record of the proceedings upon which the judgment was rendered that the convicting court was without jurisdiction or authority to sentence the petitioner or that the petitioner's sentence of imprisonment or other restraint has expired. See State v. Archer, 851 S.W.2d 157, 164 (Tenn. 1993). The convicting court in this case had jurisdiction over both the subject matter and person, and the judgment sheet clearly reflects that the petitioner was sentenced to life imprisonment. The sentence has not expired and the court below, therefore, correctly denied the petitioner the requested habeas corpus relief.

Accordingly, having reviewed the entire record in light of the petitioner's claims, we cannot find any error committed by the trial court in dismissing the petition. It is therefore ORDERED that the state's motion is granted. Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm the trial court's dismissal of the petitioner's petition for writ of habeas corpus.

It is FURTHER ORDERED, upon reviewing the entire record before this Court, and finding, consistent with the trial judge's ruling during the hearing on the petition for post-conviction relief in this matter, that the minutes for Case Numbers 4211, 4218 and 4219 in the Circuit Court for Cocke County, Tennessee, at Newport, Friday, February 1, 1985, correctly reflect that Case Numbers 4211 and 4218 were dismissed pursuant to the state's motion for nolle prosequi, and that Case Number 4219 was properly submitted to the jury upon which a conviction for first degree murder was returned as reflected in the judgment for Case Number 4219. It is FURTHER ORDERED that the order entered on November 21, 1985, in Case Numbers 4211, 4218 and 4219, in the Circuit Court for Cocke County has no effect upon the judgment entered against the petitioner. The Clerk of this Court shall forward a copy of this order to the Clerk of the Circuit Court for Cocke County to be included in the record of the above-referenced cases.

Enter, this the ___ day of August, 1997.

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE

3